Ike LEAF, Melvin M. Belli and Frederick A. Cone, Belli, Ashe and Gerry, a co-partnership, Plaintiffs,

v.

Stewart L. UDALL, Secretary of the Interior, and Philleo Nash, Commissioner of Indian Affairs, Defendants.

No. 42781.

United States District Court
N. D. California, S. D.
Oct. 28, 1964.

Belli, Ashe & Gerry, San Francisco, Cal., for plaintiffs.

Cecil Poole, U. S. Atty., and David Golay, Asst. U. S. Atty., San Francisco, Cal., for defendants.

SWEIGERT, District Judge.

This is an action for a declaratory judgment and "relief in the nature of mandamus" filed September 14, 1964 by Ike Leaf, allegedly chairman of the Tribal Council of the Pit River Indians, Melvin M. Belli and Frederick A. Cone, attorneys, and the law firm of Belli, Ashe and Gerry, against Stewart L. Udall, Secretary of the Interior and Philleo Nash, Commissioner of Indian Affairs.

The case is before the Court on defendant's motion to dismiss plaintiff's claims, or in the alternative, that the Court strike "immaterial allegations" in the complaint. The notice for this motion was filed October 9, 1964. On the same day plaintiffs filed notice of motion for summary judgment.

The motion to dismiss is supported by a memorandum of points and authorities, as well as by a supplemental exhibit (docket No. 16) to which is attached a copy of 13 Indian Claims Commission 369 through 543, a complete summary of the background of the litigation which led to the present action.

The motion for summary judgment is supported by a memorandum of points and authorities, and by affidavits of Frederick A. Cone and Ike Leaf. (docket Nos. 14 and 15)

The first claim of the complaint is for an order of this Court declaring that an attorney-client relationship does now and has, since the 16th day of August, 1964, existed between the Pit River Indian Tribe and the above named attorneys. The second claim for relief is for

an order of this Court compelling the Secretary and the Commissioner to approve a contract alleged to have been entered into by the Pit River Indians and the plaintiff attorneys on August 16, 1964. The third claim for relief is for an order in the nature of a writ of mandamus compelling the Secretary and the Commissioner to either approve or disapprove the above mentioned contract.

It should be noted at the outset that the third claim for relief has become moot in that the Commissioner, by letter dated September 23, 1964 has expressly disapproved the contract in question (See Declaration of Frederick A. Cone with copy of letter attached, docket entry No. 9). There are several reasons for the disapproval noted in the letter: that the matter of the proposed contract was not properly presented to and acted upon by the Pit River Tribe; that the meeting in Alturas, California on August 16, 1964, at which the contract in question was approved was not properly called in accordance with the regulations of the Bureau, specifically 25 CFR Sec. 72; and that there is "no tribal interest which could be served by approval of the proposed contract."

The background of this present action is long and involved. The real purpose of this suit is to permit a dissident group of Pit River Indians, through the Belli law firm, to appeal an award of the Indian Claims Commission to the Court of Claims. The award and much of the history of the Indian claims is to be found at 13 Ind. Claims Comm. 369–543, supplemental exhibit, docket No. 16. Briefly, the Pit River Tribe and a number of other tribes of Indians in California have been seeking compensation for tribal lands taken from them during the 1850's. There have been extended hearings before the Indian Claims Commission and as a result the decision was made to consolidate the claims of the Pits along with the claims of the other tribes into one final settlement and a single judgment of $29,100,000 in favor of all of the petitioners in those claims as a class.

Both the plaintiffs and defendants in this case have proceeded on the assumption that the applicable statutes are 25 U.S.C. Secs. 70n, 81, 82 and 84. Sec. 70n provides that in the presentation of claims to the Indian Claims Commission, "The attorney or attorneys for any such tribe, band, or group as shall have been organized pursuant to section 476 of this title, shall be selected pursuant to the constitution and by-laws of such tribe, band, or group. The employment of attorneys for all other claimants shall be subject to the provisions of sections 81, 82, 83, and 84 of this title." It is not alleged that the Pit River Indians are organized under the provisions of sec. 476, and it further appears that the tribe is not so organized since one of the ostensible purposes of the meeting held August 16, 1964 in Alturas, California was a discussion of a proposed constitution for the tribe. See affidavit of Ike Leaf, docket No. 14, exhibit "E" also, paragraph 3 of letter of disapproval by the Commissioner, docket No. 9.

However, even if an appeal to the Court of Claims from a decision of the Commission is not a claim before the Commission within the meaning of Sec. 70n, Sec. 81 by its terms would nevertheless still be applicable.

Sec. 81 provides that "No agreement shall be made by any person with any tribe of Indians * * * in consideration of services for said Indians relative to their lands, or to any claims growing out of * * * laws or treaties with the United States, or * * * in any way connected with or due from the United States, unless such contract or agreement be executed and approved as follows: * * * Second. It shall bear the approval of the Secretary of the Interior and the Commissioner of Indian Affairs indorsed upon it."

█ It is the contention of the plaintiffs that this approval is a mere matter of approving the form and method of obtaining the contract, a ministerial act which the Court may order to be done either in the first instance or after a

prior disapproval. Plaintiffs further contend that they have substantially complied with all the requirements of 25 CFR Sec. 72 as to the form of the contract and that therefore the Secretary's approval thereafter is mandatory. Also, plaintiffs contend, the applicable statutes and regulations, "if properly interpreted", vest no discretion in the Secretary to make an independent judgment of the contract and its value or usefulness to the Indians.

The defendants contend that the approval is discretionary and not subject to judicial review except for abuse of that discretion.

It is the opinion of this Court that the contention of the defendants is in accord with the Congressional purpose in requiring that contracts such as this be approved by the Secretary and the Commissioner.

In 1958, Sec. 81 was amended to delete a requirement that all contracts with Indian tribes be executed before a judge of a court of record. House Report No. 2449, which accompanied S. 2592 the revising act, contains the following sentence: "The committee believes that the other requirements of section 2103 [Revised Statutes, 25 U.S.C. § 81], particularly subsection 5(c), which provides for review by the Secretary of the Interior of tribal contracts, are adequate protection to Indian tribes * * *." H.R. Rep. No. 2449, 85th Cong. 2d Sess.; 2 U.S.Code Cong. & Adm.News, 1958, p. 3961. This is a clear indication that the approval of such contracts was not intended to be a mere matter of form but one of discretion, requiring the Secretary and the Commissioner to "review" the contract, (the very words used in the report) for the protection of the Indians.

The opinion of the Solicitor of the Department of the Interior in this connection is interesting:

"Of course, the authority conferred upon the Secretary by section 81, although very broad, is not unlimited. Approval of a contract could not be withheld capriciously or on purely arbitrary grounds. Moreover, as the power to contract is vested in the tribe, the Secretary could not initiate or make a contract for a tribe. Subject to these limitations and to the observance of the specific requirements imposed by section 81, it is my opinion that the discretionary authority vested in the Secretary under that section is broad enough to empower the Secretary to grant or withhold approval of contracts between Indian tribes and attorneys in accordance with his view as to what is necessary or advisable in order to protect the interests of the Indians, and to prescribe in advance the terms and conditions which a contract between an Indian tribe and legal counsel must contain in order to meet with the Secretary's approval.

"The provisions of section 476 which are pertinent to the present inquiry circumscribe the limits of the Secretary's authority by confining the requirement of Secretarial approval, insofar as contracts between organized Indian tribes and attorneys are concerned, to the choice of counsel and the fixing of fees. In this respect, the section differs materially from section 81, under which the contract in its entirety is subject to Secretarial approval * * *. 60 I.D. 484, 489–490, reprinted at p. 487, Federal Indian Law, 1958, ed."

There has, therefore, been a deliberate distinction made by Congress between tribes organized under the terms of Sec. 476 and tribes such as the Pit River Indians. The latter, Congress felt, require more protection in making contracts. The Secretary of the Interior and the Commissioner of Indian Affairs have been given discretion by Congress in the approval or disapproval of attorney contracts such as the one in question.

■ Because in our opinion the approval of the contract in question is discretionary, mandamus is an improper

369

remedy. Anderson v. McKay, 94 U.S. App.D.C. 11, 211 F.2d 798, 807 (1954); Work v. United States ex rel. Rives, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561; Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 74 L. Ed. 809. Further, it would not be proper for this Court to declare an attorney-client relationship to exist in the face of a clear discretionary determination by the Secretary that in such a relationship there is "no tribal interest which could be served by approval of the proposed contract."

There is no allegation in the complaint of any abuse of discretion by the Secretary or the Commissioner in the refusal to approve the contract, or in its disapproval. In any event, such an allegation would present genuine issues of fact which would preclude summary judgment for the plaintiffs.

Plaintiffs' motion for summary judgment is denied, defendants' motion to dismiss is granted without leave to amend.